UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDI BIRNE,

    Plaintiff,

v.                                                                        Case No.:   2:17-cv-400-FtM-38MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Uncontested Petition and Memorandum in Support for Reasonable Attorney's Fees Pursuant to 42 U.S.C. § 406(b). (Doc. 26). Plaintiff's counsel represents that the Commissioner does not object to the relief requested therein. (*Id.* at 2–3). Because the Petition is unopposed, the Undersigned deems the matter to be ripe. For the reasons stated herein, the Undersigned recommends the Petition be **GRANTED**.

## PROCEDURAL BACKGROUND

On July 30, 2018, this Court entered an Opinion and Order reversing and remanding this action to the Commission for the Administrative Law Judge to "[r]e-evaluate Plaintiff's RFC in light of all of her alleged impairments singularly and in combination," "[r]e-evaluate whether there are jobs available in significant numbers that Plaintiff can perform given her RFC, which may require additional testimony from a vocational expert," and conduct any further proceedings deemed appropriate. (Doc. 20 at 3). On October 2, 2018, Plaintiff filed Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. § 2312(d). (Doc. 22). On December 10, 2018, the Court entered an Order awarding $8,032.87 in attorney's fees under 28 U.S.C. § 2412(d). (Doc. 24 at 2). These fees were payable to counsel under a valid assignment of payment if the United

States Department of the Treasury determined that no federal debt was owed by the Plaintiff. (*Id.*).

On remand, the Commissioner issued a fully favorable decision. (*See* Doc 26 at 3). The Social Security Administration issued a Notice of Award dated June 29, 2020. (Doc. 26-1). The amount of past due benefits awarded was $87,639.04. (Doc. 26 at 3). The amount of attorney's fees withheld was $21,909.75. (Doc. 26-1 at 3).

Plaintiff's counsel now petitions the Court for an award of attorney's fees under 42 U.S.C. § 406(b) from Plaintiff's past-due benefits in the amount of $87,639.04. (Doc. 26 at 3). Counsel states that an award of fees under § 406(b) "will be subject to a dollar-for-dollar offset by previous attorney's fees awarded under the Equal Access to Justice Act ('EAJA') and the EAJA Fee in the amount of $8,032.87 will be returned to Plaintiff." (*Id.* at 2). Based on the June 29, 2020 award, Plaintiff was entitled to past-due benefits of $87,639.04, from which 25% could be applied to attorney's fees, subject to reimbursement of any fees paid under the EAJA. (Doc. 26 at 2; Doc. 26-1 at 3). Subject to this reimbursement, Plaintiff's counsel asserts that she is entitled to 25% of the $87,639.04 past-due benefits awarded, for a total fee award of $21,909.75. (Doc. 26 at 2).

## ANALYSIS

42 U.S.C. § 406(b) allows the Court to award a successful claimant's counsel fees for work performed before the Court. However, the fees must be a "reasonable" amount and must not exceed twenty-five (25) percent of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b); *Coppett v. Barnhart*, 242 F. Supp. 2d 1380, 1382 (S.D. Ga. 2002). Section 406(b) does not replace the contingent-fee agreement between client and counsel, but it does require the Court to examine the agreement, to examine the amount of fees, and to make an

independent determination that the fees are reasonable for the results in a particular case. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

When approaching fee determinations in this context, a court engages in a three-step process. *See Gisbrecht*, 535 U.S. at 808. First, the court looks to the contingent-fee agreement and verifies that it is reasonable. *See id*. Second, the court determines whether counsel delayed the case. *See id.* Third, the court evaluates whether the benefits are large in comparison to the amount of time counsel spent on the case. *See id*. As to the third step, the court may require that counsel submit a record of the hours spent and counsel's normal hourly billing rate to aid the court in making its determination as to reasonableness. *Id*.

### A. **The Contingent-Fee Agreement Is Reasonable**.

Under the first step, the Undersigned has reviewed the Federal Court 406(b) Fee and Cost Agreement that Plaintiff executed on July 6, 2017. (*See* Doc. 26-2 at 1); *see also Gisbrecht*, 535 U.S. at 808. This agreement states that "[t]he Attorney and the Client both agree that the Attorney may charge 25% of retroactive benefits pursuant to Sec. 406(b) subject to approval by the Court, representing work done before the Federal Court." (*Id.*). The Undersigned finds that the Federal Court 406(b) Fee and Cost Agreement complies with 42 U.S.C. § 406(b) in that it allows a fee award equal to but not more than 25% of the past-due benefits. Thus, the Undersigned finds that the Federal Court 406(b) Fee and Cost Agreement is reasonable.

### B. **There Is No Evidence of Delay**.

Under the second step, the Undersigned has thoroughly reviewed the record to determine whether counsel delayed the proceedings. *See Gisbrecht*, 535 U.S. at 808. The Undersigned finds no evidence that counsel delayed the case, and the Commissioner makes no such argument. Thus, counsel's request for attorney's fees should not be denied or reduced for delay.

**C. The Requested Fees Are Proportional to the Time Spent**.

Under the third step, the Court's prior Order awarding fees under the EAJA found both the number of hours expended in this case and counsel's hourly rates to be reasonable. (Docs. 23 at 3; 24 at 2); *see Gisbrecht*, 535 U.S. at 808. In connection with the instant petition, moreover, the Undersigned has reviewed the number of hours Plaintiff's counsel expended, the hourly rates requested, and the other supporting materials filed by Plaintiff's counsel. (*See* Docs. 26 at 9–15; 26-3). Upon careful review and consideration, the Undersigned finds that the amount of fees requested by counsel is reasonable and not too large when compared to the time spent on the case.

## CONCLUSION

For the reasons above, the Undersigned **RESPECTFULLY RECOMMENDS** that:

1. Plaintiff's Uncontested Petition and Memorandum in Support for Reasonable Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 26) be **GRANTED** as set forth below.

2. The Court award Plaintiff's counsel $21,909.75 in attorney's fees under 42 U.S.C. § 406(b) and direct the Commissioner of Social Security to pay Plaintiff's counsel $21,909.75.

3. The Court order that, upon Plaintiff's counsel's receipt of these fees, Plaintiff's counsel must remit the $8,032.87 prior fee award under the EAJA to Plaintiff.

5. The Court order that, if applicable, the Commissioner of Social Security must also pay directly to Plaintiff any remaining portion of the past-due benefits previously withheld pending the Court's determination of attorney's fees. (*See* Doc. 26-1 at 3–4).

6. The Court direct the Clerk of Court to enter an amended judgment awarding $21,909.75 to Plaintiff's counsel for attorney's fees.

Respectfully **RECOMMENDED** in Chambers in Fort Myers, Florida on September 28, 2020.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties